FILED

14 JAN 31 AM 9:47

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DS     DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON LIZARRAGA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NOS. 13-CV-507-BEN<br>10-CR-3617-BEN-8<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Criminal Docket No. 430] |

Before this Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Docket No. 430). For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

Petitioner was part of a group of defendants arrested on August 25, 2010 by agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in connection with a planned robbery of a stash house believed to contain large quantities of cocaine.

An ATF confidential informant told an individual, "A.M.," that he had knowledge of a cocaine stash house and was looking for someone to assist in the robbery of cocaine. The informant and an undercover ATF agent spoke to A.M. and one of Petitioner's co-defendants to form a plan to rob the stash house. On the day of the arrest, Petitioner and other co-defendants entered a Big 5 Sporting Goods store

1 where someone purchased BB guns. Petitioner and others then proceeded to a warehouse, where they were arrested by law enforcement.

Petitioner's counsel argued that Petitioner left the store before the guns were purchased, and never saw the purchase. (Sent. Mem. at 11). Petitioner maintained that he did not know about the planned robbery until he was in a car going to the warehouse. (*Id.*) He claimed that he did not know about the BB guns until they were at the warehouse, right before everyone was arrested. (Sent. Mem. at 11).

Petitioner was tried before a jury on three counts. He was convicted of conspiracy to affect commerce by robbery and extortion, in violation of 18 U.S.C. § 1951(a). He was acquitted of possession of a firearm in furtherance of a crime of violence and a drug trafficking offense, and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. § 2. Finally, the jury failed to reach a verdict as to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. (Jury Verdict).

At sentencing, the prosecutor and defense counsel informed this Court that Petitioner was going to forgo his right to appeal in exchange for the Government's agreement not to retry Petitioner on the drug charge. Petitioner did not sign an appellate waiver, but the Government waited to dismiss the charge until after the time to file a notice of appeal had expired.

Petitioner is a citizen of Mexico who has lived in the United States since he was nine years old. Although Petitioner indicates at various points in his Motion that he cannot speak or write in English, it is apparent from the record that Petitioner does speak and understand English. Petitioner attended school in the United States through the eleventh grade. (Sent. Mem. at 7). Petitioner has addressed this Court without an interpreter and wrote a letter to this Court before sentencing. (*See* Sent. Hearing Tr. at 17:17-18:3; Sent. Mem., Ex. 6). Petitioner's filings indicate that he is capable of clearly communicating in English. His attorney swears under oath that she determined that he was fluent in speaking, writing, and understanding English. (Dobro Decl. at

¶ 3). This Court did, however, take into account that Petitioner is not a lawyer and is proceeding pro se when considering this Motion.

## LEGAL STANDARD

A district court may "vacate, set aside or correct" the sentence of a federal prisoner that was imposed in violation of the Constitution or a law of the United States. 28 U.S.C. § 2255(a). A district court must hold an evidentiary hearing before denying a § 2255 motion, unless it is conclusively shown that the prisoner is entitled to no relief. 28 U.S.C. § 2255(b). However, if it is clear the petitioner has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

## DISCUSSION

### A. Legal Standard for Ineffective Assistance of Counsel

All of Petitioner's claims before this Court pertain to allegations of ineffective assistance of counsel.

A petitioner asserting an ineffective assistance of counsel claim must demonstrate that (1) defense counsel's performance was deficient; and (2) this deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 690-92 (1994). To establish performance is deficient, Petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 687-688. Because of the difficulties inherent in evaluating the performance of counsel after the fact, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. To demonstrate prejudice, a defendant must show that there is a "reasonable probability" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

///

B. Counsel's Alleged Failure to File an Appeal

Petitioner's first ineffective assistance of counsel claim states that his attorney failed to file an appeal at his request. It is deficient for counsel to fail to file an appeal when requested, even if there are no non-frivolous grounds for appeal or the defendant agreed to waive his right to appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197-98 (9th Cir. 2005). Petitioner states in his motion and in a declaration that he told his attorney that he wanted to appeal, that she stated that she would appeal, but that she never appealed. (Lizarraga Decl. ¶¶ 3-5). He presents no evidence to support his claim that he asked for an appeal, other than his own, self-serving declaration. It is undisputed that no notice of appeal was filed.

The Government has submitted a sworn declaration from Petitioner's counsel. (Dobro Decl.) Ms. Dobro states that she spoke with Petitioner "many times and discussed with him issues involving his potential sentence as well as a possible appeal of his conviction and ultimate sentence." (*Id.* at ¶ 6). She states that they discussed the possibility that he could waive his right to appeal in exchange for the Government dismissing the pending drug conspiracy change. (*Id.*) She asserts that they discussed in detail what the appeal waiver entailed and the consequences of the Government dismissing the drug charge. (*Id.*) Ms. Dobro states that Petitioner said he wanted to waive appeal in exchange for having the charge dismissed. (*Id.*) She clearly states that at no time prior to the dismissal of the drug charge did Petitioner ask her to file an appeal or tell her that he wanted to appeal his conviction or sentence. (*Id.* at ¶ 9).

The record of proceedings before this Court rebuts Petitioner's claim that he wanted to file an appeal. The attorneys represented to this Court at sentencing, in Petitioner's presence, that Petitioner had agreed not to appeal in exchange for the Government's agreement to dismiss the pending drug charge instead of seeking to retry Petitioner. (Sent. Hearing Tr. at 11:13-12:13). Although Petitioner had an opportunity to address the Court, he did not dispute this agreement or raise any concerns. (*Id.* at

17:14-18:3). Rather than immediately dismissing the remaining count, the Government waited to do until after the time to appeal had expired, and specifically sought a court date after the time for appeal had passed. (*Id.* at 26:14-24). This arrangement undermines Petitioner's claim that he would have appealed, given that he would have been subject to retrial on a drug charge carrying a ten-year mandatory minimum sentence. *See* 21 U.S.C. §§ 841, 846. The Court specifically notes that it is not finding that counsel was not ineffective for failing to appeal because there was an appellate waiver in place. Instead, the agreement provides strong support for the argument that Petitioner did not ask to appeal because he wanted the substantial benefits of the agreement.

Additionally, the record reflects the fact that this Court informed Petitioner of his right to appeal, and the procedure and deadlines for doing so. This Court informed Petitioner that he had a right to appeal, that he had to file a notice of appeal within 14 days, where he should file the notice, what he had to say in the notice, and that he had the right to the assistance of an attorney. (Sent. Hearing Tr. at 25:9-23).

Petitioner was present at sentencing when his attorney and the prosecutor discussed the fact that the remaining charge would only be dismissed if he did not file an appeal, and Petitioner was present when the charge was dismissed. (Sent Hearing Tr.; April 2, 2012 Status Hearing Tr.) This should have confirmed for Petitioner that no appeal had been filed. When Petitioner appeared before this Court at the hearing at which the Government dismissed the remaining count, he did not attempt to tell this Court that he had changed his mind about the agreement. He did not attempt to tell this Court that counsel had not appealed, that he wanted to appeal, or ask any questions about a possible appeal.

The record demonstrates that Petitioner chose not to exercise his appellate rights. His claims are rebutted not only by the sworn declaration of counsel, but by the official proceedings before this Court. Petitioner was fully aware of his rights, agreed to give them up in exchange for a substantial benefit, and did not take advantage of any of the

- 5 -

13cv507/10cr3617

opportunities he had to tell this Court that he opposed the agreement or had changed his mind. Petitioner's claim of ineffective assistance of counsel based on an alleged failure to file a notice of appeal must fail.

C. Counsel's Alleged Failure to Object

Petitioner's second ineffective assistance of counsel claim states that his counsel failed to raise objections regarding the three-level increase in his offense level. (Mot. at 18). Petitioner's claim is clearly rebutted by the record.

Petitioner's counsel opposed the three-level enhancement as part of the sentencing memorandum filed with this Court. Review of the 16-page memorandum and 12 exhibits filed by counsel reveals that counsel vigorously advocated for her client. The memorandum discussed in depth Petitioner's unique situation, including his personal qualities, family situation, community involvement, and work history. Counsel specifically addressed the three-level increase related to the guns and discussed the relevant evidence. She argued that: "<u>Milton should not be held responsible for any guns and thus a plus 3 under USSC § 2B3.1(b)(2)(E) is not appropriate</u>." (Sent. Mem. at 11 (formatting in original)). She also argued for other reductions in his offense level. (*Id.* at 14). During the sentencing hearing, counsel vigorously presented her arguments. She specifically discussed the guns and Petitioner's lack of involvement with guns with this Court. (Sent. Hearing Tr. 14:11-16:11).

The record in this case unquestionably establishes that counsel objected to the three-level increase. Even though she did not file a separate objection document, she clearly, effectively, and repeatedly disputed the application of the three-level increase and other aspects of the sentencing guidelines calculations. As Petitioner's claim is based upon counsel's alleged failure to do so, his claim must fail.

D. Alleged Inappropriate Comments by Counsel

This Court notes that Petitioner accuses his counsel of using inappropriate language. (Lizarraga Decl. ¶ 6). At the outset, Petitioner makes no claim that any

alleged inappropriate language prejudiced Petitioner in any way. Additionally, given Petitioner's facility with English and long residency in this country, this Court finds that Petitioner's claims that he did not understand the words and later had them explained to him lack credibility.

### EVIDENTIARY HEARING

Unless the motion and the records of a case conclusively show that the prisoner is entitled to no relief, a court is required to grant a hearing. 28 U.S.C. § 2255(b). However, where the record demonstrates that a petitioner has failed to state a claim, a district court may deny a § 2255 motion without an evidentiary hearing. *Quan*, 789 F.2d at 715. Given the foregoing discussion, this Court finds that Petitioner cannot succeed upon his claims, and holding an evidentiary hearing or seeking additional briefing would serve no purpose.

### CONCLUSION

In accordance with the conclusions set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**.

A court may issue a certificate of appealability where the petitioner has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Petitioner has not made the necessary showing. A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: 1/30, 2014

HON. ROGER T. BENITEZ
United States District Judge